UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DISTRICT

| | |
|---|---|
| **Bobbie Green and Brian Lonberger,** on behalf of themselves and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>**Katz Tires Service LLC**<br><br>  Defendant. | No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Now come Plaintiffs, Bobbie Green and Brian Lonberger (collectively referred to as "Representative Plaintiffs"), by and through counsel, for their Complaint against Defendant Katz Tires Service LLC ("Defendant"), state and allege as follows:

## INTRODUCTION

1. This case challenges Defendant's policies and practices that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

2. Representative Plaintiffs bring this case as a "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to 29 U.S.C. §216(b) (the "FLSA Collective").

3. Representative Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert factually

1

related claims under Ohio wage-and-hour statutes (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Representative Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Representative Plaintiffs' claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial District and Division pursuant to 28 U.S.C. §1391(b). A substantial part of the events or omissions giving rise to Representative Plaintiffs' claims occurred here.

## PARTIES

7. Plaintiff Green is a resident of Ohio who was employed by Defendant as a Tire Technician[1] from approximately February, 2022 until April, 2023.

8. Plaintiff Lonberger is a resident of Ohio who was employed by Defendant as a Tire Technician from approximately July, 2021 until April, 2023.

9. Defendant is a for-profit corporation organized under the laws of the state of Ohio and maintaining a principal place of business in Ohio. Defendant can be served at its statutory agent: Tarik Hamed, at 2110 E. Livingston Ave, Columbus OH 43207.

10. At all times relevant, Representative Plaintiffs and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

---

[1] For the purposes of this Complaint, "Tire Technician" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff and the putative class, and has no bearing or relation to any specialization, skill, educating, training, or other qualification that might otherwise be associated with such a job title.

11. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

12. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all times relevant, Representative Plaintiffs and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207 with annual revenue in excess of $500,000.

14. Plaintiff Green's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as Exhibit A.

15. Plaintiff Lonberger's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as Exhibit B.

## FACTUAL ALLEGATIONS

16. Defendant Katz Tires Service LLC operates approximately 17 tire store locations in Ohio, serving Lucas, Shelby, Bellville, Ashland, Lancaster, Canal Winchester, Lexington, Ontario, Amoy, Loudonville, Carroll, Somerset, Sugar Grove, Mt. Vernon, Massillon, Norton, and Lima.

17. At all relevant times, Defendant employed Representative Plaintiffs and others similarly situated as non-exempt hourly employees, such as tire technicians.

18. At all relevant times, Representative Plaintiffs and other similarly situated employees were routinely required to work in excess of 40 hours per workweek.

19. Representative Plaintiff regularly worked upwards of 65 hours per week.

20. When Representative Plaintiff and all other similarly situated employees worked more than 40 hours in a workweek, they were not paid an overtime premium in an amount equal

to 1.5 times their regular rate of pay. Instead, Defendant paid them straight time only.

21. Defendant's failure to pay Representative Plaintiffs and similarly situated employees overtime premiums when they worked in excess of 40 hours in a workweek resulted in unpaid overtime in violation of the FLSA and Ohio law.

22. Defendant knowingly and willfully failed to pay Representative Plaintiffs and other similarly situated employees overtime premiums when they worked in excess of 40 hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

23. Representative Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

24. Representative Plaintiffs bring this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current and former Tire Technicians employed by Defendant who worked more than 40 hours in any week from three years preceding the filing of this Complaint through final resolution of this matter.**

25. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay them overtime premiums when they worked in excess of 40 hours in a workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

26. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

27. The persons similarly situated to Representative Plaintiffs are readily identifiable

through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

28. Representative Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

29. Representative Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"). The Ohio Class is defined as:

> **All current and former Tire Technicians employed by Defendant in Ohio who worked more than 40 hours in any week from two years preceding the filing of this Complaint through final resolution of this matter.**

30. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a.

31. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant failed to pay Representative Plaintiffs and other class members all overtime pay due to them?

> Whether Defendant's failure to pay Representative Plaintiffs and other class members overtime pay due to them in violation of Ohio law was willful?

32. Representative Plaintiffs' claims are typical of the claims of other members of the Ohio Class. Representative Plaintiffs' claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

33. Representative Plaintiffs will fairly and adequately protect the interests of the

Ohio Class. Representative Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other class members. Representative Plaintiffs' counsel has broad experience in handling wage-and-hour class action litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

34. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
### (FLSA Overtime Violations)

36. Representative Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

37. Representative Plaintiffs bring this claim for violations of the FLSA's overtime provisions on behalf of themselves and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b).

38. The FLSA requires that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of 40 in a workweek.

39. As non-exempt employees, Representative Plaintiffs and the FLSA Collective

6

Members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

40. Defendant failed to pay the required overtime compensation to Representative Plaintiffs and the FLSA Collective Members.

41. At all relevant times, Defendant knew that it was required to pay Representative Plaintiffs and the FLSA Collective Members overtime compensation.

42. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

43. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA, which entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. §216(b). Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

44. Representative Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

45. Representative Plaintiffs bring this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03, on behalf of themselves, the FLSA Collective Members, and the Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

46. At all times relevant, Defendant was an employer covered by the Ohio overtime

compensation statute, Ohio Rev. Code § 4111.03.

47. Defendant violated the Ohio overtime compensation statute by failing to pay overtime compensation to its non-exempt employees.

48. Defendant's violations of Ohio Rev. Code § 4111.03 injured Representative Plaintiffs and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

49. Ohio Rev. Code § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## **PRAYER FOR RELIEF**

**WHEREFORE,** Representative Plaintiffs, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiffs and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Representative Plaintiffs, the FLSA Collective Members, and the Ohio Class;

D. Award compensatory damages to Representative Plaintiffs, the FLSA Collective Members, and the Ohio Class in an amount permissible by law, including unpaid wages, as well as liquidated damages in an equal amount;

E. Award Representative Plaintiffs, the FLSA Collective Members, and the Ohio

Class pre-judgment and post-judgment interest at the statutory rate; and,

F. Award Representative Plaintiffs their costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq. (OH#0091739)
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (OH#0089483)
SIMON LAW CO.
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 816-8696
Email: james@simonsayspay.com

## JURY DEMAND

Representative Plaintiffs hereby demand a trial by jury on all claims so triable.

*/s/ Michael L. Fradin*

*Counsel for Representative Plaintiffs*